UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **OUR CHILDREN INTERNATIONAL** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 07-1449(KSH) |
| v. | : | |
| | : | |
| **CHILDREN INTERNATIONAL,** | : | OPINION &  ORDER |
| | : | |
| **Defendants.** | : | |

This matter having come before the Court by way of the defendant's motion for leave to file an Amended Answer to add a counterclaim under N.J.S.A. 45:17A-18, et seq.;

and the Court having considered the parties' submissions and the record of proceedings;[1]

---

[1]The defendant seeks leave to file an Amended Answer to assert a counterclaim under the New Jersey Charitable Registration and Investigation Act ["NJCRIA"], which allows a private party to sue another who uses a name closely related to or similar to the name the party has registered with the United States Patent and Trademark Office ["USPTO"].  According to the proposed pleading, the defendant states that it has used the mark "CHILDREN INTERNATIONAL" since August 15, 1987 and the mark "CHILDREN INTERNATIONAL and & Design" since at least June 4, 2001, that both are registered with the USPTO, and that plaintiff's use of "Our Children International" violates the defendant's rights under the NJCRIA. See Proposed Amended Answer at ¶¶ 6, 7, 9, and 39.

In support of its motion, the defendant argues that good cause exists under Rule 16 to amend the scheduling order to permit this motion at this stage of the litigation because the proposed amendments became known after the October 20, 2007 deadline to file amended pleadings.  Specifically, defendant asserts that plaintiff did not provide its responses to discovery demands until October 5, 2007, more than three weeks after the September 10, 2007 deadline, and did not provide supplemental responses to the discovery demands until October 25, 2007.  Based upon the plaintiff's response to the discovery demand concerning whether or not plaintiff sought "tax exempt" status, the defendant began to research whether or not this violated any other law.  While conducting this research, the defendant learned that it could bring a private action under the NJCRIA based upon plaintiff's use of a name similar to that the defendant had registered with the USPTO.  Thus, defendant contends that the plaintiff's tardy responses to discovery support its delay in bringing a claim under the NJCRIA.

1

and it appearing the motion was filed after the deadline set forth in the Pretrial Scheduling Orders;

and Federal Rule of Civil Procedure 16 providing that a court shall enter scheduling orders to allow for "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps," Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) (quotations omitted); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) (stating that the purpose of Rule 16 is to provide for judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases);

and the Court having entered Pretrial Scheduling Orders in this case that provided, among other things, that "[a]ny motion to amend pleadings or join parties must be filed no later than

---

The defendant also argues that leave to file an Amended Answer should be granted under Rule 15's liberal policy of freely permitting amendments to pleadings. The defendant asserts that its decision to file this motion eleven days after the deadline to file motions for leave to file amended pleadings is not undue nor is there evidence that the motion is brought in bad faith. Finally, defendant asserts that the plaintiff will not be prejudiced by the addition of the claim at this time because: (1) it is based upon the same facts as the other claims that are pending and thus no new discovery is needed; and (2) even if additional discovery were needed, discovery does not close until March 14, 2008 and there is sufficient time for the parties to investigate the claim. Defendant also argues that it would be unfair to preclude the defendant from amending the Answer due to lateness when plaintiff has failed to meet deadlines. Def.'s Br. at 4.

In opposition, plaintiff argues that the defendant has not shown good cause to extend the deadline to file a motion for leave to file an amended pleading because the defendant possessed the information to support the new claim at least since October 5, 2007. In addition, the plaintiff argues that allowing the amendment would result in undue delay and cost because it would require the plaintiff to defend a previously unknown counterclaim and its inclusion now affects the discovery it has conducted.

**October 20, 2007**," Orders, dated July 27, 2007 & October 2, 2007 at ¶ 10 (emphasis in the originals);

and the Court having set such a deadline so that the parties could evaluate the pleadings after having exchanged some discovery but well in advance of the fact discovery deadline so that there would be ample time to conduct discovery regarding any new claims or defenses that may be added or new parties that may be joined;

and Rule 16 further providing that the party seeking modification of a pretrial scheduling order must show "good cause", Fed. R. Civ. P. 16(b), and that a court may exercise its discretion to modify a Rule 16 scheduling order upon "a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension," Fed. R. Civ. P. 16, Advisory Committee's Note, on Subdivision (b); Harrison Beverage Co., 133 F.R.D. at 469 (stating modification of scheduling orders is discretionary);

and it further appearing that allowing extensions in the absence of "good cause" would "deprive trial judges of the ability to effectively manage the cases on their overcrowded dockets" and severely impair the utility of scheduling orders, Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986);

and the Court finding that the defendant has provided good cause to amend the pretrial scheduling orders to extend the deadline to file a motion to amend the pleadings;[2]

---

[2]The Court finds that good cause exists to adjust the scheduling orders to permit the defendant to seek leave to file an amended pleading at this stage of the litigation. While the defendant does not contend that the amendment is based upon facts only recently disclosed during discovery, it explains that it began to look at new causes of action based upon an unexpected (and tardy) discovery responses that were originally due on September 10, 2007 but not received until October 5, 2007 and not supplemented until October 25, 2007. Certification

and the Court now considering whether the defendant should be granted leave to file its proposed amended Answer to add a counterclaim;

and Rule 13(f) providing:

> When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

Fed. R. Civ. P. 13(f);

and the standard for granting leave to amend an Answer to add a Counterclaim under Rule 13(f) being generally the same as the standard for permitting amendments to a Complaint under Rule 15, see Jordan v. CCH, Inc., Civ. No. 01-0053, 2002 WL 32348349, at *1 (E.D. Pa. Feb. 5, 2002) (denying leave to file counterclaim pursuant to Rule 13(f) under Rule 15(a) analysis because of prejudice to opposing party); Nathanson v. Aetna Cas. and Sur. Co., Civ. No. 01-3377, 2001 WL 1392165, at *1 n.2 (E.D. Pa. Nov. 7, 2001) (noting "[a]lthough the wording of Rule 13(f) differs from Rule 15(a), this variation has not led to significantly different standards for granting leave to amend."); Fidelity Fed. Sav. & Loan Ass'n v. Felicetti, 149 F.R.D. 83, 85 (E.D. Pa. 1993) (applying Rule 15(a) standard to motions to file counterclaim under Rule

---

of Lawrence D. Mandel, Esq., dated November 19, 2007, at ¶¶ 2, 8, 9 and 12.  Defendant represents that during the course of the research it learned that the proposed cause of action was available to it.  By way of letter dated October 31, 2007, the defendant promptly notified the Court and the plaintiff of its intention to file a motion for leave to add the new claim, id. at ¶ 14, discussed its desire to file such a motion during a telephone conference with the Court on November 9, 2007,  and filed the motion on November 19, 2007 in accordance with the Order dated November 9, 2007.  See Docket Entry Nos. 10 and 11.  Under the circumstances, and given the absence of any prejudice to the plaintiff as a result of the timing of the motion, good cause exists to extend the October 20, 2007 deadline to file motions to amend pleadings until November 19, 2007.

13(f)); cf. Health Corp. of Am. Inc. v. New Jersey Dental Ass'n, 77 F.R.D. 488, 491 (D.N.J. 1978) (holding Rule 13(f) "affords more discretion to the court [than Rule 15(a)] after the grace period for filing amended pleadings has expired.");[3]

and Rule15(a) providing:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires,

Fed. R. Civ. P. 15(a);

---

[3]Furthermore, in deciding whether to grant leave to amend under Rule 13(f), the Court should consider whether the proposed counterclaim is a "compulsory counterclaim" under Rule 13(a). This is because an omitted compulsory counterclaim cannot be asserted in subsequent cases and the pleader will lose the opportunity to have the claim adjudicated. 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1430, 223 (2d ed. 1990). A counterclaim is compulsory and, therefore, must be brought in the same action as the opposing party's claim, if it arises from the same "transaction or occurrence" that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). Claims arise out of the same "transaction or occurrence" if they are "logically related." American Packaging Corp. v. Golden Valley Microwave Foods, Inc., Civ. No. 94-1839, 1995 WL 262522, at *3 (E.D. Pa. May 1, 1995) (quoting Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961)). "Logically related" claims exist "where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389-90 (3d Cir. 2002) (internal quotations omitted); see also Great Lakes, 286 F.2d at 634 (noting "[w]here multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.").

Here, the proposed counterclaim arises out of the same subject matter as plaintiff's claim, namely the alleged wrongful use of a specific name. Arguably, this could constitute a compulsory counterclaim or, at the very least, a claim that judicial economy would favor being pursued in this case to avoid duplication and the expenditure of unnecessary resources to litigate and adjudicate similar claims concerning the use of certain names.

and the federal rules allowing for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and providing that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits, Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted);

and, under Rule 15, the decision to amend resting within the sound discretion of the Court, see id.; Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981);

and the United States Supreme Court having stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment, see Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust" and noting that although there is no "presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue,'" a delay of eleven months is not presumptively unreasonable); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (internal quotations and citations omitted);

and the plaintiff opposing the proposed amended answer under Rule 15 because of undue delay and prejudice;

6

and, with regard to undue delay, bad faith, and prejudice, the Court of Appeals for the Third Circuit having stated,

> the passage of time, without more, does not require that a motion to amend a [pleading] be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending their [pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [nonmovant]

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted); see also Cureton v. Nat'l Collegiate Althetic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner") (citations omitted); Lindquist v. Buckingham Twp., Civ. Nos. 03-2431 & 03-2971, 2004 WL 1598735, at *6 (3d Cir. July 19, 2004) (affirming denial of leave to amend complaint to include equal protection claim in light of finding that the documents that the amending party alleged were withheld, and which gave rise to amended claim, were public and delay was, therefore, inexcusable);

and there is no basis to find that there has been undue or prejudicial delay;[4]

---

[4] The defendant has not unduly delayed seeking leave to file the proposed amendment and the plaintiff will not suffer prejudice if the amended pleading is filed. First, defendant advised the plaintiff that it intended to amend the pleadings just 11 days after the deadline to do so had passed and six days after it received the plaintiff's supplemental responses to discovery. Second, the timing of the defendant's request will not prejudice the plaintiff's ability to respond to new counterclaim. Indeed, the discovery deadline is not until March 14, 2008, see Order, dated October 2, 2007, and hence plaintiff has months to conduct any additional discovery that might be needed to confront the new counterclaim, which is more than sufficient particularly since it is based upon the same facts as all of the claims that have been pending since the inception of the case. Third, the addition of the new counterclaim has no impact on the overall pretrial schedule as it is based on the core facts underlying the claims and counterclaims originally filed in this

and there being no argument that the proposed counterclaim is brought in bad faith or is futile;

and for the reasons set forth herein;

and for good cause shown,

IT IS on this 29th day of November, 2007

**ORDERED** that the defendants' motion for leave to file an amended Answer to assert an additional counterclaim [Docket Entry No. 11] is granted;

**IT IS FURTHER ORDERED** that, no later than **December 5, 2007**, the defendant shall file the Amended Answer. The plaintiff shall file its reply to the counterclaim within the time-frame set forth under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of New Jersey; and

**IT IS FURTHER ORDERED** that all deadlines set forth in the Orders dated October 2, 2007 and November 9, 2007 remain unchanged.

s/Patty Shwartz  
UNITED STATES MAGISTRATE JUDGE

---

case. Therefore, its inclusion will not delay the proceedings. Thus, there is no undue or prejudicial delay that would support denying the motion for leave to file an amended pleading.